FILED
2012 FEB -6 PM 3:42
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO.:** 6:12cv 187-ORL-31 DAB

STEPHEN CERAULO, an individual, and
DEBORAH CERAULO, an individual,

Plaintiffs,

v.

GC SERVICES LIMITED PARTNERSHIP,
a Delaware limited partnership, JOHN DOE NO.1,
an unknown individual, and JOHN DOE NO.2, an
unknown individual,

Defendants.
_______________________________________/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiffs, Stephen Ceraulo, an individual, and Deborah Ceraulo, an individual, sue Defendant, GC Services Limited Partnership, a Delaware limited partnership, John Doe No.1, an unknown individual, and John Doe No.2, an unknown individual, and allege:

***INTRODUCTION***

1. This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.551, *et seq.*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

SCANNED

***JURISDICTION***

2. Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

***ALLEGATIONS AS TO PARTIES***

3. At all times material hereto, Plaintiff, Stephen Ceraulo ("Mr. Ceraulo"), was *sui juris* and a resident of Osceola County, Florida.

4. At all times material hereto, Plaintiff, Deborah Ceraulo ("Ms. Ceraulo"), was *sui juris* and a resident of Osceola County, Florida.

5. At all times material hereto, Defendant, GC Services Limited Partnership ("GC Services"), was a Delaware limited partnership doing business in Osceola County, Florida.

6. At all times material hereto, Defendants, Jane Doe No. 1 and John Doe No. 1 ("hereinafter referred to collectively as the "Unknown Collectors"), were persons whose identities are presently unknown. Upon determination of the true names of the Unknown Collectors through discovery, Plaintiffs will amend their Complaint to properly name and join said persons.

7. At all times material hereto, the Unknown Collectors were employees and/or agents of GC Services who were engaged in the unlawful collection of consumer debts and either assisted or participated in the unlawful acts as described below with the actual, constructive or implied knowledge of GC Services or whose acts were subsequently ratified by GC Services.

8. At all times material hereto, Defendants are and were engaged in the collection of consumer debts using mail and telephone communications to debtors.

9. At all times material hereto, Defendants were subject to jurisdiction in the State of

Florida pursuant to Florida Statutes §48.193, known more commonly as the "Florida Long Arm Jurisdiction Act," through the causation of injury inside the State of Florida caused by acts or omissions outside the State of Florida.

## *FACTUAL ALLEGATIONS*

### *A. Description of Unpaid Student Loan*

10. Until the fateful day of September 11, 2001, Mr. Ceraulo was a firefighter with the New York City Fire Department. As a result of injuries sustained at the World Trade Center, Mr. Ceraulo retired from the fire department after sixteen (16) years of service.

11. As part of the process of reorganizing their lives after the retirement of Mr. Ceraulo, Ms. Ceraulo decided to return to school to obtain a nursing degree.

12. In order to finance her tuition, Ms. Ceraulo obtained various student loans through SLM Corporation, known more commonly as "Sallie Mae" ("Sallie Mae"), totaling approximately Fifty Thousand Dollars ($50,000.00) ("Student Loan").

13. After relocating to Florida, the Ceraulos had difficulty in obtaining adequate employment. As a result, Ms. Ceraulo was unable to afford the Two Hundred Forty Dollar ($240.00) a month payment for the Student Loan.

14. Notwithstanding their limited financial means, the Ceraulos struggled to make monthly payments to Sallie Mae and would attempt to send a payment whenever possible to Sallie Mae.

### *B. Retention of GC Services*

15. At some unknown time prior to the filing of the instant action, Sallie Mae retained GC Services for the purpose of collecting the Student Loan from Ms. Ceraulo.

16. Commencing in mid-February, 2011 through the date of the filing of the instant action, the Defendants, through their agents, employees and/or representatives acted within the scope of their employment and with the authority of Defendants, began a pattern of conduct reasonably calculated to harass, threaten or coerce the Ceraulos into paying monies under the Student Loan.

***C. False Threats of Arrest***

17. On February 16, 2011, Ms. Ceraulo telephoned GC Services to discuss payment arrangements.

18. In response to the inquiry by Ms. Ceraulo concerning her account, the collection employee of GC Services, John Doe No.1, instructed Ms. Ceraulo that she could not hang up the telephone unless a "deal" had been reached.

19. In order to create a false sense of urgency, the collection employee of GC Services admonished Ms. Ceraulo that if Ms. Ceraulo ended the telephone call without a "deal," that Ms. Ceraulo would be "charged with a felony."

20. Stunned, Ms. Ceraulo listened to the collector employee of GC Services discuss various payment plans - none of which were financially possible for the Ceraulos.

21. Ms. Ceraulo informed the collector of GC Services that she needed to discuss the payment "options" with her husband. In response, the collector again threatened Ms. Ceraulo by stating that if she ended the telephone call she would be "charged with a felony."

22. Believing that she had absolutely no option with respect to payment of the Student Loan, Ms. Ceraulo agreed to pay Two Thousand Five Hundred Dollars ($2,500.00) by February 28, 2011 and commenced making monthly payments of Five Hundred Sixty-Six Dollars

($566.00), all of which she could not afford.

23. On May 19, 2011, Mr. Ceraulo telephoned GC Services with respect to the Student Loan for the purpose of establishing new payment arrangements which the Ceraulos could afford.

24. After initiating the telephone call, Mr. Ceraulo was transferred to a collector, John Doe No.1, who informed Mr. Ceraulo that the Ceraulos needed to make a payment immediately as the Ceraulos had "stole money from the government."

25. Afraid that he and his wife were in fact about to be prosecuted, Mr. Ceraulo listened to the collector of GC Services who demanded a payment of Six Hundred Dollars ($600.00) and monthly payments of Three Hundred Fifty Dollars ($350.00).

26. When Mr. Ceraulo informed the collector of GC Services that he and his wife could not afford the payment proposal, the collector of GC Services stated that he "knew" that Mr. Ceraulo had recently retired from the fire department and that Mr. Ceraulo must have a pension.

27. When Mr. Ceraulo informed the collector at GC Services that the Cerarulos did not have the funds to pay GC Services, the collector of GC Services yelled that Mr. Ceraulo was a "liar" and that he "knew" that Mr. Ceraulo had "lots of money from 9/11."

28. The telephone call ended with Mr. Ceraulo hanging up the phone, dismayed at the abusive behavior of GC Services.

**COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.*)**

29. This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly

as the "Fair Debt Collection Practices Act" ("FDCPA")

30.    The Ceraulos reallege and reaffirm the allegations contained in Paragraphs 1 through 28 above as if set forth hereat in full.

31.    At all times material hereto, the Ceraulos were  "consumers" as said term is defined under 15 U.S.C. §1692a(3).

32.    At all times material hereto, Sallie Mae was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

33.    At all times material hereto, the Student Loan was a "debt" as said term is defined under 15 U.S.C. §1692a(5)

34.    At all times material hereto, Defendants were "debt collectors" as said term is defined under 15 U.S.C. §1692a(6).

35.    As more particularly described above, Defendants have violated the FDCPA in that Defendants have:

(a)    engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C.§1692d;

(b)    used language the natural consequence of which is to abuse the Ceraulos as hearers in contravention of 15 U.S.C.§1692d(2);

(c)    made a false, deceptive or misleading representation or means in connection with the collection of a debt in contravention of 15 U.S.C. §1692e;

(d)    made a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

(e) used any false representation or deceptive means to attempt to collect a debt in contravention of 15 U.S.C. §1692e(10; and

(f) used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

36. As a direct and proximate result of the violation of the FDCPA by the Defendants, the Ceraulos have been damaged. The damages of the Ceraulos include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

37. Pursuant to 15 U.S.C. §1692k, the Ceraulos are entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorneys fees.

38. The Ceraulos have retained the undersigned law office to represent their interest herein and are obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiffs, Stephen Ceraulo, an individual, and Deborah Ceraulo, an individual, demand judgment against Defendants, GC Services Limited Partnership, a Delaware limited partnership, Jane Doe No. 1, an unknown individual, and John Doe No. 1, an unknown individual, for compensatory, statutory and punitive damages, both jointly and severally, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

**COUNT II - ACTION FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

39. This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

40. The Ceraulos reallege and reaffirm the allegations contained in Paragraphs 1 through 28 above as if set forth hereat in full.

41. At all times material hereto, the Student Loan constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

42. At all times material hereto, the Ceraulos were "debtors" or "consumer debtors" as said terms are defined under Florida Statutes §559.55(2).

43. At all times material hereto, Sallie Mae was a "creditor" as said term is defined under Florida Statutes §559.55(3).

44. At all times material hereto, Defendants were "debt collectors" as said term is defined under Florida Statutes §559.55(6).

45. As more particularly described above, the Defendants have violated the FCCPA in that the Defendants have:

(a) engaged in conduct which reasonably can be expected to abuse or harass the Ceraulos in contravention of Florida Statutes §559.72(7);

(b) used willfully abusive language in communicating with the Ceraulos in contravention of Florida Statutes §559.72(8); and

(c) claimed, attempted or threatened to enforce a debt when Defendants knew that the debt was not legitimate or asserted the existence of a legal right when such person knows the right does not exist, in contravention of Florida Statutes §559.72(9).

46. As a direct and proximate result of the violation of the FCCPA by the Defendants, the Ceraulos have been damaged. The damages of the Ceraulos include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

47. As a direct and proximate result of the actions of Defendants, Defendants are liable for punitive damages in an amount to be determined by the reasonableness of the jury.

48. The Ceraulos have retained the undersigned law firm to represent their interest herein and are obligated to pay said law office a reasonable fee for its services.

49. Pursuant to Florida Statute §559.77, the Ceraulos are entitled to recover actual damages together with statutory damages of $1,000.00, along with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiffs, Stephen Ceraulos, an individual, and Deborah Ceraulo, an individual, demand judgment for damages against Defendants, GC Services Limited Partnership, a Delaware limited partnership, Jane Doe No. 1, an unknown individual, and John Doe No. 1, an unknown individual, for compensatory, statutory and punitive damages, both jointly and severally, together with interest, costs and attorneys fees pursuant to Florida Statutes §559.77.

**DEMAND FOR JURY TRIAL**

Plaintiffs, Stephen Ceraulo and Deborah Ceraulo, pursuant to Rule 38, Federal Rules of Civil Procedure, demand a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
E-mail:rphyu@aol.com

KIMBERLY L. DERRY, ESQUIRE
Florida Bar No. 17465
Derry Law Offices
731 W. Smith Street
Orlando, FL 32804
(407) 412-4842 Telephone
(407) 374-2421 Telecopier
E-mail:kimberly@derrylaw.com

COUNSEL FOR PLAINTIFFS